CC: Π only

RECEIVED BY OVERNIGHT FILING

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ DIVISION

*(Write the District and Division, if any, of the court in which the complaint is filed.)*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 21 2021

at 12 o'clock and 3 0 min. P M
MICHELLE RYNNE, CLERK

RUDY ACIO

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

MOANA SURFRIDER WESTIN RESORT AND SPA

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV21 00053 JMS KJM

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☒ No
*(check one)*

RECEIVED BY OVERNIGHT FILING

**RECEIVED**
CLERK, U. S. DISTRICT COURT

JAN 21 2021

DISTRICT OF HAWAII

12:30 pm

Mailed On
Date JAN 22 2021

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | RUDX   ACIO |
| Street Address | 1270 QUEEN EMMA ST. APT. LODL |
| City and County | HOHOLULU |
| State and Zip Code | HAWAII   96813 |
| Telephone Number | (808)  834 - 6189 |
| E-mail Address | LIEZELACIO18@GMAIL.COM |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | MOANA   SURFRIDER   HOTEL |
| Job or Title (if known) | HOTEL |
| Street Address | 2365  KALAKAUA   AVE. |
| City and County | HOHOLULU |
| State and Zip Code | HAWAII   96815 |
| Telephone Number | (808)  922 - 3111 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

Defendant No. 3

     Name    _____

     Job or Title    _____
     (if known)

     Street Address    _____

     City and County    _____

     State and Zip Code    _____

     Telephone Number    _____

     E-mail Address    _____
     (if known)

Defendant No. 4

     Name    _____

     Job or Title    _____
     (if known)

     Street Address    _____

     City and County    _____

     State and Zip Code    _____

     Telephone Number    _____

     E-mail Address    _____
     (if known)

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

     Name    MOANA SURFRIDER HOTEL

     Street Address    2365 KALAKAUA AVE.

     City and County    HONOLULU

     State and Zip Code    HAWAII 96815

     Telephone Number    (808) 922 - 3111

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

_____

☐     Relevant state law *(specify, if known)*:

_____

☐     Relevant city or county law *(specify, if known)*:

_____

## III.     Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

        ☐     Failure to hire me.

        ☑     Termination of my employment.

        ☐     Failure to promote me.

        ☑     Failure to accommodate my disability.

        ☐     Unequal terms and conditions of my employment.

        ☑     Retaliation.

        ☐     Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

    JANUARY 21, 2020 _____

C.    I believe that defendant(s) *(check one)*:

        ☑     is/are still committing these acts against me.

        ☐     is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

        ☐     race _____

        ☐     color_____

        ☐     gender/sex _____

        ☐     religion _____

        ☐     national origin _____

        ☐     age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

        ☑     disability or perceived disability *(specify disability)*
            CHRONIC BACK PAIN DISABILITY

E.    The facts of my case are as follows.  Attach additional pages if needed.

*※ I WILL ATTACH A COPY OF ALL THE CHARGES FILED WITH THE EEOC*

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

APRIL 30, 2020

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*
NOVEMBER 24, 2020 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

THE DAMAGES I ASK TO THE COURT TO ORDER IS EMOTIONAL DISTRESS, REPUTATION AND REINSTATING MY JOB. THE AMOUNT I'M ASKING FOR MY PUNITIVE DAMAGES IS $300,000 BECAUSE IT AFFECTED ME MENTALLY AND PHYSICALLY.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: JAN - 20, 20 21

Signature of Plaintiff

Printed Name of Plaintiff    RUDY ACIO

**B.**     **For Attorneys**

Date of signing: _____, 20__.

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

January 20, 2021

Dear Your Honor,

First of all I would like to greet you with a pleasant good day. My name is Rudy Acio. I worked at Moana Surfrider Westin Spa & Resort. I started working with them on June 15, 2015. My last position there was Stewarding. I have 3 kids & I have been married since June 1997. It's been said that I've been terminated from this company. I really tried my best to work everyday for them but because of my Chronic back Pain, I've called in sick sometimes. I was terminated from this company because of absenteeism. I know your honor, they have a hotel policy but it's too unfair to terminate someone who has an impairment of a Chronic Back Pain. I have attached my impairment documents from the Department of Labor. While I was working with them, I had a car accident in 2016 and I disclosed my disability with them. I continued working with them even though I have chronic Back Pain. I really tried my best to work with them even though my back was in pain. I continue working with them but sadly I've been in another car accident on February 14, 2018. I applied for an FMLA good for 1 year to take care of myself and I stayed home for 6 months. I came back to work on August 9, 2019. Even though I have Chronic Back Pain, sometimes I'm okay and sometimes my Chronic Back Pain flare ups that's why I would call in sick. In April, they started giving me Notice of Excessive Absenteeism because they said my FMLA has already expired and they have to do this because it's their hotel policy to give me warnings because I'm not covered for the FMLA already. I've told them if they renew my FMLA but sadly I don't have enough hours to qualify for a new one. So they have given me

Coaching on May

Verbal Warning on June

Written Warning in July and ended up on a 5 day suspension this same month.
In August, I asked for a 1 month medical leave for my back pain but I only took 2 weeks. I really
tried my best to go to work but in September, my back pain flared up again so they've given me
a 10 day suspension. I was so worried that they would terminate me. In October, November &
December, I tried my best to go to work even though I have Chronic Back pain, I tried to not call
in sick because I don't want to get fired. My boss threatened me, Jason Watanabe, executive
chef, that if I call in sick 1 more time he was going to terminate me. Sadly, on January 5, 2020, I
called my manager to give me a request off for Monday, Tuesday and Wednesday because I had
a family problem going on. My manager approved me for 3 days. On thursday, January 9, 2020,
it was my day off. I texted my manager if I could have another day off the next day, Friday,
because I was feeling sick but I was supposed to say to request another day because of what I
was going through on Monday, Tuesday and Wednesday for having family problems. I
misunderstood myself from saying that I was sick when I was supposed to say that it was
because of family problems. I texted my boss that I knew if I called in sick again I would get
fired. My boss texted me back saying that it was fine and that I needed to bring a doctors note
back on Saturday, January 11, 2020. I have the messages of my conversation between my
manager & I printed out. I have attached it. What they did was that when I came back to work on
January 11, 2020, they let me work for 5 days till the 15th of January. They used me for 5 days
to work. Sadly, on January 16, 2020 they gave me a suspension pending termination and on
January 21, 2020, they officially terminated me. I think your honor, this is a prejudicial treatment
because they asked me to get a doctor's note and my manager said that it's been fine but still they
terminated me. It's too unfair to terminate an employee who has Chronic Back Pain and have an
impairment disability. My boss knew that I was asking for another request and he said that it's

okay as long as I had a doctor's note with me back to work. I think they violated the American disability act and it's prejudicial treatment. Ever since they have terminated me, it's been

*ˌMY FEELINGS*

affecting my thinking, my mood, my behavior and sometimes I'm ashamed to go out to see my family because I lost my job. Sometimes, when I see my coworkers they would laugh at me and ignore me. The sadness that I cannot take in is that when somebody is saying especially Mr. Jason Watanabe, executive chef, that I never worked harder on that year, 2019 but my gross income before I got terminated was $34,105.94. I tried my best to go to work your honor but when my Chronic back pain would flare up I cannot do anything. I have worked for them almost 5 years. I gave my all to show them that I could work but I ended up being terminated. I have attached my W-2 2019 and my last pay stub. It's too unfair and this is a prejudicial treatment. Right now, if my back flares up, I'm still taking pain relievers like Aleeve and back patches. I really want to look if they violated the American Disability Act. Thank you very much for this opportunity to express my feelings to you, your honor.

Sincerely,

Rudy Acio

THIS IS THE CONVERSATION BETWEEN ME
AND MY BOSS...

⏾ 🔇 LTE 62% 🔋 7:06 AM

‹ **+18083482100**   📞 ☰

Sunday, January 5, 2020

Boss can I ask for request
off for Monday, Tuesday &
Wednesday. I'm having family
problems              〉 ME
1:21 PM

Who is this??  〉 MY BOSS
2:01 PM

2:09 PM   This Rudy boss   〉 ME

Thursday, January 9, 2020

Hi boss this is Rudy, I know
asked you the last time for
request off but I just wanted to
ask if you can put me one more
day  request off for tomorrow
friday because I feel sick today   〉 ME
& i know that I cannot call
for call in sick because I'm
gonna get fired. My schedule
tomorrow is from 4am-12pm
bea

◉ **VIEW ALL**   ›
4:52 PM

Ok
We need a doctors note   〉 MY BOSS
when you come back on sat
1/11/2020

Thanks           4:59 PM

📎 Enter message          ☺

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 486-2020-00298 |

| HAWAI'I CIVIL RIGHTS COMMISSION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. RUDY ACIO** | **(808) 989-2107** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **94-1106 HUAKAI STREET,  WAIPAHU, HI 96797** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **MOANA SURFRIDER WESTIN RESORT AND SPA** | **15 - 100** | **(808) 922-3111** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2365 KALAKUA AVENUE,  HONOLULU,  HI 96815** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest: **04-29-2019**   Latest: **01-21-2020** |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I began my employment with Moana Surfrider Westin Resort and Spa on or about June 15, 2015 and my last position with the company was Steward. In or around November 2016, I disclosed my disability to management. In or around April 2019, to include: May 2019, June 2019 and July 2019, I was written up by Jason Wadave, Executive, for absenteeism. On or about July 15, 2019, I was suspended for five days by Jason Wadave. In or around September 2019, I was suspended for ten days by Jason Wadave. In or around October 2019, I informed Jason Wadave regarding my medical condition and need for an accommodation. There is an accommodation that would allow me to perform the essential functions of the job. Respondent failed to engage in the interactive process.  On or about January 21, 2020, I was discharged by Jason Wadave.**

**The reason given by Jason Wadave for my write-ups was for absenteeism. The reason given by Jason Wadave for the denial of my reasonable accommodation was that there is no light duty. The reason given by Jason Wadave for my discharge was for absenteeism.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Rudy Acio on 04-30-2020 09:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 486-2020-00298 |

**HAWAI'I CIVIL RIGHTS COMMISSION** and EEOC

*State or local Agency, if any*

I believe I have been discriminated against due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Rudy Acio on 04-30-2020 09:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4ᵗʰ Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 894-1000
FAX (213) 894-1118
Website:  www.eeoc.gov

Date:  May 11, 2020


Respondent:  Moana Surfrider Westin Resort and Spa
Charge No.: 486-2020-00298

Ruby A. Acio
94-1106 Huakai Street
Waipahu, Hawaii 96797

Dear Mr. Ruby A. Acio:

Your Charge of Discrimination against the Respondent named above has been received by our office. We have also notified the Respondent that your client is filing a charge, which the EEOC is required to do.

We will be forwarding your charge to the **Honolulu Local Office** because the employer is in their jurisdiction. Should you have further questions regarding the processing of your charge, please contact:

> **Glory Gervacio, Director**
> **Equal Employment Opportunity Commission,**
> **Honolulu Local Office**
> **300 Ala Moana Boulevard, Room 4257**
> **Honolulu, Hawaii 96850**
> **(808) 541-3722**


Sincerely,

*Garrett Hoover*
_____
Garrett Hoover
CRTIU Supervisor
Charge Receipt/Technical Information Unit



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 894-1000
FAX (213) 894-1118
Website:  www.eeoc.gov

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Rudy A. Acio<br>94-1106 Huakai Street<br>Waipahu, HI 96797 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2020-00298 | Amy Nigro,<br>Investigator | (702) 553-4464 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Amy R. Nigro

Digitally signed by Amy R Nigro
DN: cn=Amy R Nigro, o=EEOC, ou=VLLO, email=amy.nigro@eeoc.gov,
c=US
Date: 20.12.11 17:11:34:41-6:00z'

FOR

| Enclosures(s) | Tamara M. West,<br>Local Office Director | (Date Mailed) |
|---|---|---|

cc:   Sarah O. Wang
      Marr Jones & Wang LLP
      c/o Moana Surfrider, A Westin Resort & Spa
      1003 Bishop Street
      Suite 1500
      Honolulu, HI 96813

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➤ **Only one** major life activity need be substantially limited.
➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

 # HAWAI'I CIVIL RIGHTS COMMISSION

830 Punchbowl Street, Room 411 • Honolulu, HI 96813-5095 • Phone: (808) 586-8636 • Fax: (808) 586-8655 • TTY: (808) 586-8692

December 2, 2020

Rudy Acio
94-1106 Huakai Street
Waipahu, HI 96797

Dear Mr. Acio:

Re:   Notice of Dismissal and Right to Sue in
      Rudy Acio vs. Moana Surfrider Westin Resort and Spa
      FEPA No. 21141; EEOC No. 486-2020-00298

I have received notice that your complaint has been investigated by the Equal Employment Opportunity Commission, and a final determination regarding the complaint has been made by that agency.

Therefore, in accordance with Hawaii Administrative Rules (H.A.R.) §12-46-11, your case has been closed effective the date of notice at the top of this letter, I am dismissing your complaint and issuing you a right to sue. You have the right to file a private lawsuit against the Respondent in the State Circuit Court within ninety (90) days after receipt of this notice pursuant to Hawaii Revised Statutes §368-12 and H.A.R. §12-46-20. This letter serves as your Right to Sue document and you may be required to provide it to the Court should you decide to file a private lawsuit in this matter.

Sincerely,

William D. Hoshijo
Executive Director

WDH:csm

c:  Chief Executive Officer, Moana Surfrider Westin Resort and Spa

ISLAND INSURANCE COMPANY, LTD.
P. O. Box 1520
Honolulu, Hawaii 96806-1520
Telephone No.:   (808) 539-9577

Insurance Carrier

DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

DISABILITY COMPENSATION DIVISION

STATE OF HAWAII

| | | |
|---|---|---|
| RUDY A. ACIO | ) | CASE NO.:   2-12-10268 |
| c/o Maurice Danbara, Esq. | ) | |
| 1188 Bishop Street, Suite 1905 | ) | D/A:        11/08/2012 |
| Honolulu, Hawaii 96813 | ) | |
| | ) | STIPULATED COMPROMISE AND |
| Claimant, | ) | RELEASE AGREEMENT; AND |
| | ) | APPROVAL AND ORDER; |
| | ) | Exhibit "A" |
| vs. | ) | |
| | ) | |
| JOE KIM'S KIM CHEE, INC., | ) | |
| | ) | |
| Employer, | ) | Claim No.:   IP004784 |
| | ) | |
| and | ) | |
| | ) | |
| ISLAND INSURANCE COMPANY, LTD., | ) | |
| | ) | |
| Insurance Carrier. | ) | |
| | ) | |

<u>STIPULATED COMPROMISE AND RELEASE AGREEMENT</u>

WHEREAS, on November 8, 2012, Claimant, RUDY A. ACIO (hereinafter "Claimant"),

sustained a personal injury to his low back by accident arising out of and in the course of his

employment with JOE KIM'S KIM CHEE, INC., the Employer, whose workers' compensation

insurance carrier for said injury is ISLAND INSURANCE COMPANY, LTD., the Insurance

Carrier, (hereinafter, sometimes collectively referred to as, "Employer/Carrier); and

WHEREAS, Claimant's average weekly wage at the time of his November 8, 2012 injury was $165.28, which resulted in a weekly compensation rate of $187.00; and

WHEREAS, Employer/Carrier paid temporary total disability benefits to Claimant for the following periods, except from November 8, 2012 through November 10, 2012 (waiting period), beginning from November 11, 2012 through January 24, 2014, and from May 20, 2014 through June 2, 2014, for a total of $17,263.19; and

WHEREAS, Employer/Carrier also paid temporary partial disability benefits to Claimant from January 27, 2014 through April 6, 2014, for a total of $1,870.00; and

WHEREAS, by letter dated April 4, 2014, Employer/Carrier notified Claimant of their claim for credit of $5,134.91, in regards to the overpayment of temporary total disability benefits; and

WHEREAS, by Notice dated April 16, 2014, the Vocational Rehabilitation Branch of the Disability Compensation Division notified Claimant that his case would be closed if no objection was filed within ten (10) calendar days thereof; and

WHEREAS, by Independent Medical Examination/Permanent Partial Impairment Rating Report dated July 28, 2014, Peter Diamond, M.D., reported the following:   1) his diagnoses of Claimant's condition as:   a) lumbar sprain/strain, with left-sided lumbar radiculopathy by electrodiagnostic criteria; and b) multilevel degenerative disc disease with annular tearing at L4-5 and L5-S1; 2) Claimant was stationary and stable; and 3) Claimant had an 8% impairment of the whole person of the lumbar spine; and

WHEREAS, on November 24, 2014, Employer/Carrier issued an advance of $1,000.00 and on December 4, 2014, Employer/Carrier issued an advance of $2,000.00, to Claimant with

regards to the permanent partial disability benefits for the industrial injury of November 8, 2012; and

WHEREAS, to the extent applicable Claimant expressly represents and specifically warrants that he has not applied for, or received, any assistance type benefits from the Department of Human Services, State of Hawaii, or the United States Government, which involves, but is not limited to, any programs under Medicare, Medicaid, or Social Security, in connection with his industrial injury of November 8, 2012, and which may be subject to Chapter 346, Haw. Rev. Stat., as amended, or any applicable state or federal law, concerning a duty to inquire about possible benefits furnished or to be furnished to him, and/or notification of the settlement in this matter to any governmental agencies by virtue of the possibility that said agency or agencies possess a lien for reimbursement against the settlement amount as stated in paragraph 2 (a) below; and

WHEREAS, no hearing in this matter has been held before the Director of Labor and Industrial Relations ("Director"); and

WHEREAS, the parties notwithstanding their respective contentions, desire to compromise the above-captioned matter pursuant to Section 386-78, Haw. Rev. Stat., as amended; and

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

1.      Claimant has attained medical stability, maximum medical improvement, and as complete a recovery as possible under the circumstances.   All injury related conditions have been duly rated.

2.      In order to terminate and discharge in whole any and all claims, rights, and causes

3

of action that Claimant may have under the Hawaii Workers' Compensation Law whether brought by Claimant or any of his dependents, heirs, executors, administrators, personal representatives, successors and assigns, for compensation, damages, or disabilities, known or unknown, discovered or undiscovered, especially including, but not limited to, any temporary partial disability, temporary total disability, permanent partial disability of the whole person, permanent partial disability as set forth in greater detail as scheduled awards in Section 386-32, Haw. Rev. Stat., as amended, permanent total disability, death and disfigurement caused by, related to, or arising out of the industrial accident of November 8, 2012, the following shall be remitted to Claimant upon approval of this Agreement by the Director:

     (a)    From Employer/Carrier, the sum of THIRTY-EIGHT THOUSAND SIX HUNDRED THIRTY-SEVEN AND 04/100 DOLLARS ($38,637.04), less the overpayment of FIVE THOUSAND ONE HUNDRED THIRTY-FOUR AND 91/100 DOLLARS ($5,134.91) in temporary total disability benefits and the THREE THOUSAND AND 00/100 DOLLARS ($3,000.00) in advanced permanent partial disability benefits, leaving a balance of THIRTY THOUSAND FIVE HUNDRED TWO AND 13/100 DOLLARS ($30,502.13) to be paid to Claimant, in new money and one lump sum, such payment representing consideration for the waivers described in more detail below; the sufficiency and adequacy of said sum as consideration for this compromise settlement is hereby expressly acknowledged by Claimant. Of the lump sum payment, THIRTEEN THOUSAND AND 00/100 DOLLARS ($13,000.00) represents consideration for the waivers of reopening, medical, indemnity, and vocational rehabilitation rights, more specifically described in paragraphs below, and the remaining balance represents eight percent (8%) in permanent partial disability of the whole person of the lumbar spine plus

4

three percent (3%) in residual disability, with regards to the industrial injury of November 8, 2012.

    (b)    Employer/Carrier agree to continue to pay qualified health care providers for medical care, services, and supplies related to the industrial injury of November 8, 2012, for the period of time up to and including the date of the approval of this Agreement by the Director. Any bills or charges for medical care, services or supplies provided after the date of the approval of this Agreement by the Director shall be Claimant's sole responsibility.

    3.    Employer/Carrier agree that Claimant shall retain all workers' compensation benefits of any kind or nature which have been paid to Claimant or to third persons or organizations on his behalf, including any compensation payments made to Claimant prior to the approval of this Agreement, except as provided in paragraphs 2 (a) and (b) above, and the amounts heretofore paid to or on behalf of Claimant, and Claimant hereby acknowledges receipt and the legal sufficiency of all payments of temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, vocational rehabilitation benefits, and medical care, paid and provided by Employer/Carrier to the date of this Agreement.

    4.    To the extent required, Claimant agrees to, and shall, promptly secure all requisite consent(s) and written release(s) from the Department of Human Services, State of Hawaii, and/or the proper federal agency or agencies of the United States Government, relating to any and all liens which may have arisen from or are related to the industrial injury of November 8, 2012, with regards to any medical assistance including, but not limited to, Medicaid or Medicare benefits, that he may have received or may be receiving.   Regardless of whether Claimant has received or is receiving such Medicaid and/or Medicare benefits, and subject to the provisions of paragraph 8 below, any collection or enforcement action by the State of Hawaii or the United States

Government shall not disturb the finality of this Agreement.

5.      This Agreement is a compromise settlement entered into by the parties hereto in good faith and in accepting the consideration of the payments and agreements described in paragraphs 1, 2, 3, and 4 hereof, and executing this Agreement, it is specifically agreed and understood that Claimant waives and relinquishes all rights, and this Agreement shall be a complete bar to any and all claims or reopenings for compensation, injuries, disabilities, disfigurements, death, or damages to Claimant's person under the Hawaii Workers' Compensation Law, whether known or unknown, discovered or undiscovered, or whether anticipated or not, resulting from or arising out of or in any way connected with or traceable to the industrial accident of November 8, 2012, inclusive of any hospital, surgical and medical care, services and supplies, travel reimbursement or mileage, services of an attendant, and medical rehabilitation services, aid, appliances, apparatus and supplies, and vocational and physical rehabilitation benefits, expenses, plans, programs, training or services and artificial members, or other aids, appliances, apparatus and supplies which the nature of the industrial injury of November 8, 2012 may require.

6.      This Agreement shall specifically terminate and operate as a complete bar to and a complete waiver and relinquishment by Claimant of any claims for compensation and disfigurement.   It is expressly understood and agreed that the consideration paid pursuant to paragraphs 2 and 3 hereof includes payment for, but is not limited to, any claims or future claims for compensation and death benefits and funeral and burial allowances or expenses by Claimant's spouse, children or other dependents, if any, or which any of his heirs, executors, administrators, personal representatives, successors and assigns may have under the Hawaii Workers' Compensation Law.

6

7.     It is specifically agreed and expressly understood by Claimant, for himself and on behalf of his heirs, executors, administrators, personal representatives, successors and assigns, that he covenant not to sue or file any other charge, complaint or claim in any federal, state or local office, court, agency or department with respect to the industrial accident of November 8, 2012, and that he will protect, indemnify, defend and forever hold harmless Employer/Carrier, and their respective directors, officers, employees, agents, attorneys, heirs, trustees, administrators, insurers, indemnitors, personal representatives, successors and assigns against any loss or liability, inclusive of attorneys' fees and other costs of defense, from any and all claims, demands or actions that have been or may hereafter at any time be made or brought against Employer/Carrier by or on behalf of Claimant, or by any person, employer or organization which may arise out of the industrial accident of November 8, 2012.

8.     It is expressly understood that the aforementioned payment in no way constitute an admission of negligence or fault of any kind whatsoever on the part of Employer/Carrier, but is paid solely to compromise and settle all disputes in the aforementioned claim, for the purpose of avoiding further litigation risk and expense, and that said payment is the final consideration of this Agreement and that <u>NO OTHER PAYMENT OR CONSIDERATION HAS BEEN PROMISED OR WILL BE PAID TO CLAIMANT EITHER DIRECTLY OR INDIRECTLY</u>.

9.     <u>THIS AGREEMENT IS A FULL AND COMPLETE RELEASE</u> which contains the entire agreement between the parties hereto and that the terms of this Agreement are contractual and not a mere recital.   Employer/Carrier's responsibilities, if any, for the payment of indemnity, disfigurement, and medical benefits are hereby discharged in whole and Claimant acknowledges full satisfaction of his industrial injury claim described in greater detail in the

paragraphs above.

10. This paragraph is to help Claimant understand the legal effect of this document; it does not change or add to the rights and responsibilities described earlier in this Agreement.   By writing or signing his initials in the space marked "Yes", Claimant understands that he is giving up all of his rights to claim or receive medical benefits, vocational rehabilitation benefits and services, past and future money payments and all future rights, if any, to receive workers' compensation benefits for the industrial accident of November 8, 2012.

<u>READ AND UNDERSTOOD</u>:            Yes  <u>PA</u>      No _____ .

11. Any right to compensation or disfigurement for his industrial injury of November 8, 2012 is hereby discharged in whole and Claimant has been and is hereby completely lump-summed out of any money, service benefits and compensation which may have been or may be due him under the Hawaii Workers' Compensation Law.

12. Unconditional approval is an express condition of this Agreement.   The parties will cooperate with each other and make every effort to obtain prompt approval of this Agreement by the Director.   If such approval cannot be obtained as this Agreement is made, or if any aspect of the case must be heard or decided, or if the Director seeks to increase Employer/Carrier's obligations under this Agreement, then the parties will be restored status quo ante to the same positions which each party had prior to and as if this Agreement did not exist; and, in any such event, upon request of Employer/Carrier, the Director shall forthwith order immediate reimbursement of all payments made by Employer/Carrier together with all compensation paid or benefits provided over and above that which was either previously ordered or due and paid before this Agreement was made.

8

13.     It is expressly understood and specifically agreed that this settlement is contingent upon Claimant's expeditious signing of this Agreement as well as his and his attorney's agreement to use best efforts to secure expeditious approval of this Agreement, and that any unreasonable delay on his or his attorney's part could render this settlement null and void.

14.     This Agreement shall for all purposes be construed as a Decision of the Director approving the foregoing compromise as conforming to Chapter 386, Haw. Rev. Stat., as amended.

15.     The Director may enter an order in accordance with the foregoing stipulations number 1 through 14.

16.     It is understood that no statement of fact or opinion has been made by any party to this Agreement other than as herein set forth to induce the execution of this Agreement, and it is executed by each party hereto with full knowledge of the facts and possibilities of the aforesaid claim, and any prospective death claim.

17.     Claimant specifically acknowledges and represents that he has been advised of, is aware of and understands all of his legal rights under his claim in the aforementioned case, and that he has voluntarily and without duress or undue influence entered into this Agreement and explicitly waives any and all specified rights he has, had, or may have under the aforementioned claim.   Claimant is also satisfied with the informal handling of the claim and does not need a formal hearing on the terms of this Agreement.

18.     To the extent applicable, Claimant and Employer/Carrier specifically recognize that the purpose of this settlement is not to shift to Medicare or Medicaid any responsibility for the payment of medical expenses or future prescription drug costs related to the medical care, services or supplies of Claimant's industrial injury of November 8, 2012 but to provide Claimant with the

9

funds which will foreclose Employer/Carrier from responsibility for payments for any work-related medical expenses or future prescription drug costs in the aforesaid matter.   In accepting this settlement, Claimant understands and agrees that neither Medicare nor Medicaid is required to pay for any medical expenses or future prescription drug costs related to his industrial injury of November 8, 2012.   Claimant understands and holds that Employer/Carrier make no representation or warranty that Claimant is entitled to Medicare or Medicaid benefits for his industrial injury of November 8, 2012.

19.     Claimant agrees to be solely responsible for payment of his own attorney's fees and costs, payable out of the monies described in paragraph 2 (a) above, said fees and costs shall be subject to formal petition for approval.

DATED:   Waipahu, Hawaii,   02 -10 - 2015

RUDY A. ACIO, Claimant

and ISLAND INSURANCE COMPANY, LTD., the Insurance Carrier

By

JEANETTE STONE, Their Duly Authorized
Representative

APPROVED AS TO FORM:

Maurice Danbara, ESQ.
Attorney for Claimant

APPROVED AND SO ORDERED
PURSUANT TO SECTION 386-78,
HAW. REV. STAT., AS AMENDED,
AS CONFORMING TO THE
REQUIREMENTS OF CHAPTER 386,
HAW. REV. STAT., AS AMENDED

Original Signed By
CLYDE IMADA
~~Administrator of Disability Compensation~~
~~Division, or Duly Authorized Representative~~
FOR DIRECTOR

STIPULATED COMPROMISE AND RELEASE AGREEMENT, *Rudy A. Acio vs. Joe Kim's Kim Chee, Inc., et al.;* Case Number: 2-12-10268; D/A: 11/08/2012.

11

STATE OF HAWAII )
                )   SS.
CITY & COUNTY OF HONOLULU )

On _February 10_ , 2015, in the First Circuit Court of the State of Hawaii, before me personally appeared _Rudy A. Acio_ , to me known to be the person(s) described in and who executed this _12_ page, _Stipulated compromise Release Agreement and approval and order_ dated _Exhibit A-_ _February 10, 15_ , and acknowledged that the said person(s) executed the same as said person(s) free act and deed.

JILL S KIKUTA
Notary Public, State of Hawaii
My Commission Expires: 6/02/2017

Allstate 85-11          4/18/2017 3:31:18 PM   PAGE   3/006   Fax Server



Allstate
You're in good hands.

Med Central Houston
P.O. BOX 2874
CLINTON IA 52733

LAW OFFICES OF MAURICE DANBARA
1188 BISHOP ST STE 1905
HONOLULU HI 968133308

April 18, 2017

DATE OF LOSS:  December 08, 2016
CLAIM NUMBER:  0438633851 WHA
INJURED PERSON:  RUDY A. ACIO

PHONE NUMBER:  877-224-2641
FAX NUMBER:  608-373-7383
OFFICE HOURS:  Mon - Fri 8:00 am - 4:45 pm,
Sat 8:00 am - 2:30 pm

Re: Your Medical Payment Summary

Dear LAW OFFICES OF MAURICE DANBARA,

Attached please find a summary of the payment(s) we've made under Medical coverage(s) for the loss listed above.

Please be advised that the medical benefits available on the above referenced claim have exhausted at the policy limits.  This information can be shared with your medical providers as needed.

Please feel free to contact me at 877-224-2641 Ext. 2779504 if you need any additional information.

Sincerely,

*HANAN AFRAD*

HANAN AFRAD
877-224-2641 Ext. 2779504
Allstate Insurance Company

CP1P055                                    0438633851 WHA



**Allstate**
You're in good hands.

Med Central Houston
PO BOX 2874
CLINTON IA 527332874

RUDY A AND LUZ G ACIO
94  159 AWAMOKU ST
WAIPAHU HI 96797

February 16, 2018

INJURED PARTY: RUDY A. ACIO
DATE OF LOSS: February 14, 2018
CLAIM NUMBER: 0492005111 OTC

PHONE NUMBER: 877-224-2641
FAX NUMBER: 608-373-7383
OFFICE HOURS:  Mon - Fri 8:00 am - 4:45 pm, Sat
8:00 am - 2:30 pm

## Your Personal Injury Protection and Medical Payments Claim 0492005111

Dear RUDY A ACIO,

I am sorry to hear of your recent injury, and I wish you a speedy recovery.

I want to make sure you know you may be owed benefits under Your Personal Injury Protection and Medical Payments coverage. Please rest assured I will do my best to handle this for you as quickly as possible.

To assist you through this process, I have included some *Helpful Hints for Your Medical Claim*, which includes important information and commonly asked questions. In addition, we have provided helpful information you can share with any providers you seek treatment with related to this auto accident.  This will help expedite any medical bill handling.

In case I need your medical records for any questions, I have included a "Medical Authorization" form.  Please sign this form and return it to me in the envelope I have provided.

Simply complete and return the enclosed Application For Benefits. This form provides us with information to help us properly evaluate your claim.

Please feel free to contact me for any questions or concerns you have about your claim.

On behalf of your agent,  Bonilla Insurance Agency, thank you for giving us the opportunity to serve you.

Sincerely,

*TIERRA COOPER*

TIERRA COOPER
877-224-2641 Ext. 2779403
Allstate Insurance Company

Enclosure(s)

CP1A038                                       0492005111 OTC



400102016021GTR003000089601005001495

*12-.. Attn: Ruby*
*237-2500*

**Work Status Certification**
*For Non Work-Related Absences or Leaves*

starwood
Hotels and
Resorts Worldwide

Kyoya
Hotels & Resorts LP

**Personal & Confidential**

| **Associate's Certification ~ to be completed by associate** | Date of Illness: 02 / 14 / 2018 |

Associate Name: RUDY ACIO   Associate #: 539N   Hotel: MOAPA   Dept: STEWARDING

I was absent and unable to work due to a non work-related medical condition: [✓] (injury) [ ] (illness)

I [ ] (was) [✓] (was not) hospitalized.
I hereby certify that this absence was caused by an illness/injury due to a non work-related incident while employed at Kyoya Hotels & Resorts.

Associate's Signature

Date: 07 / 12 / 2018

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Company, Ltd, Sheraton Waikiki, The Royal Hawaiian, Sheraton Princess Kaiulani, the Moana Surfrider, a Westin Resort, Central Resources Team, Sheraton Maui and Starwood Hotels & Resorts has a Return-To-Work policy and program which, under certain circumstances, allows our associates who have non-work-related health conditions to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.
It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in the associate's normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictions and limitations.

| **Physician's Certification of Disability ~ to be completed by physician** |

I certify that ACIO, RUDY has been under my professional care.

Dates of disability: from 2 / 14 / 18 through and including 8 / 8 / 18

Medical Diagnosis: BACK PAIN   Next Doctor's Appointment: _____

**Work Status:** Claimant's Work Status: [ ] Off Work [✓] Return to Regular Duty effective: 8 / 9 / 18
[ ] Modified assigned duty effective: ___ / ___ / ___

**Work Restrictions:**

| Mark (X) as appropriate | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
|---|---|---|---|
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/Left (circle one) Hand/Arm (circle one) | | | |
| Grip/Squeeze Right/Left Hand (circle one) | | | |
| Reach Overhead Right/Left Hand (circle one) | | | |
| Able to lift/carry/push/pull up to _____ lbs. (300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors | | | |

[ ] Other Restrictions/Comments: _____

Signature: _____   Date: 7 / 12 / 18   Phone: 808-841-7428

Name: (Print) Dr. Than Tun   Fax: 808-841-8841   Address: _____

*Locums for* DR. VICENTE S. RAMO, JR
634 Kalihi Street, Suite 201
Honolulu, HI 96819

Revised 11.8.13

14-4744

**starwood**
Hotels and
Resorts Waikiki

## Work Status Certification
*For Non Work-Related Absences or Leaves*


Kyoya
Hotels & Resorts, LP

**Personal & Confidential**

**E**

### Associate's Certification ~ to be completed by associate

Date of Illness: 04 / 20 / 2019

Associate Name: RUDY ACIO   Associate# 53900   Hotel: MOAPA   Dept: STEWARD IN

I was absent and unable to work due to a non work-related medical condition: ☐ (injury) ☑ (illness)

I ☐ (was) ☑ (was not) hospitalized.

I hereby certify that this absence was caused by an illness/injury due to a non work-related incident while employed at Kyo-ya Hotels & Resorts.

Associate's Signature                    Date   04 / 22 / 2019

**P**

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Company, Ltd, Sheraton Waikiki, The Royal Hawaiian, Sheraton Princess Kaiulani, the Moana Surfrider, a Westin Resort, Central Resources Team, Sheraton Maui and Starwood Hotels & Resorts has a Return-To-Work policy and program which, under certain circumstances, allows our associates who have non-work-related health conditions to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.
It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in the associate's normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictions and limitations.

**H**

### Physician's Certification of Disability ~ to be completed by physician

**Y**

I certify that ACIO, RUDY _____ has been under my professional care.

Dates of disability: from 04 / 20 / 19 through and including 04 / 24 / 19

**S**

Medical Diagnosis: BACK PAIN _____ Next Doctor's Appointment: _____

### Work Status: Claimant's Work Status: ☐ Off Work   ☑ Return to Regular Duty effective: 04 / 25 / 19

**I**

☐ Modified assigned duties effective: ____/____/____

**Work Restrictions:**

**C**

| Mark (X) as appropriate | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
|---|---|---|---|
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/Left (circle one) Hand/Arm (circle one) | | | |
| Grip/Squeeze Right/Left Hand (circle one) | | | |
| Reach Overhead Right/Left Hand (circle one) | | | |
| Able to lift/carry/push/pull up to _____ lbs. (300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors | | | |

**T**

**I**

**A**

**N**

☐ Other Restrictions/Comments: _____

Hawaii Holistic Medical Clinic

Signature: _____   DR. VICENTE S. RAMO JR.   Date: 4 / 22 / 19   Phone: _____

Name:(Print) _____   634 Kalihi Street, Suite 201   Address: _____
Honolulu, HI 96819

Revised 11/8/13   Tel # 808-841-____ Fax # 808-841-8841

*(F) 237-2500*
*ATTN: RUBY*



## Work Status Certification
### For Non Work-Related Absences or Leaves
**Personal & Confidential**

Associate & Doctor

**Associate's Certification ~ to be completed by associate**          Date of Illness: 05 / 03 / 2019

Associate Name: RUDY ACIO          Associate # 53900   Hotel: Select Here MOANA   Dept: STEWARDING

I was absent and unable to work due to a non work-related medical condition: ☐ (injury) ☑ (illness)

I ☐ (was) ☑ (was not) hospitalized.

I hereby certify that this absence was caused by an illness/injury due to a non work-related incident while employed at Kyo-ya Hotels & Resorts.

Associate's Signature          Date 05 / 06 / 2019

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Kalulani, LLC, Kyo-ya Ohana, LLC, Sheraton Waikiki, The Royal Hawaiian, the Moana Surfrider, a Westin Resort, Sheraton Princess Kalulani, Central Resources Team, Sheraton Maui, and Marriott Hotels & Resorts has a Return-To-Work policy and program which, under certain circumstances, allows our associates who have non-work-related health conditions to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.

It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in the associate's normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictions and limitations.

**Physician's Certification of Disability ~ to be completed by physician**

I certify that RUDYACIO has been under my professional care.

Dates of disability: from 5/3/19 through and including 5/8/19

Next Doctor's Appointment: _____

**Work Status:**   Claimant's Work Status: ☐ Off Work   ☑ Return to Regular Duty effective: 5/9/19

☐ Modified assigned duties effective: ____/____/____

**Work Restrictions:**

| Mark (X) as appropriate | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
|---|---|---|---|
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/Left (circle one) Hand/Arm (circle one) | | | |
| Grip/Squeeze Right/Left Hand (circle one) | | | |
| Reach Overhead Right/Left Hand (circle one) | | | |
| Able to lift/carry/push/pull up to _____ lbs. (300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors | | | |

☑ Other Restrictions/Comments: BACK PAIN

Signature: _____   Date: 5/6/19   Phone: 841-7288

Name: (Print) DR. VICENTE RAMO   Fax: 841-8841   Address: 1634 KAUMI ST 201 HONOLULU, HI 96814

Revised 6-1-18

**FAXED**
MAY 0 6 2019

 **RECORD OF PERFORMANCE**

A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below.

| | |
|---|---|
| **Associate:** Rudy Acio | **Date:** 06/20/19 |

| | | |
|---|---|---|
| **Location:** Moana Surfrider | **Department:** Stewarding | **Leader:** Jason Watanabe |

**Previous Counseling Action(s) in Last 18 Months:** ☐ No ☒ Yes- If Yes, detail below.

**Current Counseling Action:** ☐ Coaching ☒ Verbal ☐ Written ☐ Final ☐ Other: _____

### NATURE OF INCIDENT   *Check all that apply.*

☐ Violation of dress/grooming code
☐ Interfering with work of others

☐ Falling performance standards
☐ Leaving work without approval

☐ Improper personal conduct
☐ Poor attendance record

☐ Violation of Company safety rules or guidelines

☐ Failure to maintain confidentiality of Company matters

☐ Willful refusal to follow Leader's directions

☐ Violation of Company/Department policy (specify): **Standards of Conduct (Handbook) #3, 4, 59**

### INCIDENT SPECIFICS
*Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident or previous relevant performance counseling actions taken.*

Standards of Conduct Violations:
3. Violating any of the Company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgment of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous Warnings:
4/15/19- Notice of Excessive Absenteeism
05/24/19- Coaching

This is to advise you that your latest absence on 6/11-6/15/19 is considered to be in violation of company excessive absenteeism policy. This most recent sick call is your 18th occurrence within a 12 month rolling period and is considered to be excessive.

### PERFORMANCE EXPECTATIONS
*State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.*

Rudy Acio is receiving a verbal warning for excessive absenteeism. Excessive Absenteeism affects the operations therefore the expectation is to take the necessary steps to maintain your health and follow your schedule. It is important that you make immediate improvements to your attendance reporting to work as scheduled. Moving forward in the event you need to call off for your serious health condition, you must get the supporting doctor's note for the issue. Further violations of the Absenteeism Policy may result in progressive disciplinary action up to and including suspensions and/ or termination.

  Company Confidential

**Performance Counseling for:** Rudy Acid

I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.

| | | Date: |
|---|---|---|
| **Associate Signature:** | REFUSE TO SIGN | 6.1 25 19 |
| **Leader Signature:** | | Date: 6/25/19 |
| **Witness Signature (if applicable):** | | Date: 6/26/19 |
| **Human Resources Signature:** | | Date: |

   Company Confidential

*124- 477*

**starwood**
Hotels and
Resorts Waikiki

JUN 1 3 2019 **Work Status Certification**
*For Non Work-Related Absences or Leaves*

ATTN: RUDY
237-25
**Kyo·ya**
Hotels & Resorts, LP

**Personal & Confident**

| **Associate's Certification** ~ to be completed by associate | Date of Illness: 04 / 11 / 201( |
|---|---|

Associate Name: RUDY ACIO    Associate# 5390   Hotel: MOANA    Dept: STEWARD

I was absent and unable to work due to a non work-related medical condition: ☐ (injury)  ☑ (illness)

I ☐ (was) ☑ (was not) hospitalized.

I hereby certify that this absence was caused by an illness/injury due to a non work-related incident while employed at Ky( Hotels & Resorts.

_____    04 / 13 / 2019
Associate's Signature                  Date

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Company, Ltd, Sheraton Waikiki, The Royal Hawaiian, Sheraton Princess Kaiula the Moana Surfrider, a Westin Resort, Central Resources Team, Sheraton Maui and Starwood Hotels & Resorts has a Ret To-Work policy and program which, under certain circumstances, allows our associates who have non-work-related hea conditions to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.
It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in associate's normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictior and limitations.

| **Physician's Certification of Disability** ~ to be completed by physician |
|---|

I certify that RUDY ACIO _____ has been under my professional care.

Dates of disability: from 6 / 11 / 19 _____ through and including 6 / 13 / 19 _____

Medical Diagnosis: BACK PAIN _____ Next Doctor's Appointment: _____

| **Work Status:** Claimant's Work Status: ☐ Off Work  ☑ Return to Regular Duty effective: 6 / 14 / 19 |
|---|
| ☐ Modified assigned duties effective: _____ / _____ / _____ |

**Work Restrictions:**

| Mark (X) as appropriate | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
|---|---|---|---|
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/Left (circle one) Hand/Arm (circle one) | | | |
| Grip/Squeeze Right/Left Hand (circle one) | | | |
| Reach Overhead Right/Left Hand (circle one) | | | |
| Able to lift/carry/push/pull up to _____ lbs. (300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors | | | |

☐ Other Restrictions/Comments: _____

Signature: _____  Date: 6 / 13 / 19   Phone: 841-72

Name: (Print) DR. VICENTE RAMO  Fax: 841-8641   Hawaii Holistic Medical Clinic
Address: **DR. VICENTE S. RAMO JR**
634 Kalihi Street, Suite 201

Revised 11/8/13



# RECORD OF PERFORMANCE

A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below.

| Associate: **Rudy Acio** | | Date: **07/11/19** |
| --- | --- | --- |

| Location: **Moana Surfrider** | Department: **Stewarding** | Leader: **Jason Watanabe** |
| --- | --- | --- |

Previous Counseling Action(s) in Last 18 Months:   ☐ No   ☒ Yes- If Yes, detail below.

Current Counseling Action:   ☐ Coaching  ☐ Verbal  ☒ Written  ☐ Final  ☐ Other:

## NATURE OF INCIDENT   *Check all that apply.*

☐ Violation of dress/grooming code          ☐ Failing performance standards          ☐ Improper personal conduct

☐ Interfering with work of others            ☐ Leaving work without approval          ☐ Poor attendance record

☐ Violation of Company safety rules or guidelines          ☐ Failure to maintain confidentiality of Company matters          ☐ Willful refusal to follow Leader's directions

☐ Violation of Company/Department policy (specify): Standards of Conduct (Handbook) #3, 4, 59

**INCIDENT SPECIFICS**   *Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident of previous relevant performance counseling actions taken.*

Standards of Conduct Violations:
3. Violating any of the Company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgment of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous Warnings:
4/15/19- Notice of Excessive Absenteeism
05/24/19- Coaching
6/25/19- Verbal Warning

This is to advise you that your latest absence on 6/26-6/30/19 is considered to be in violation of company excessive absenteeism policy. During the investigation you acknowledged that you understand the absenteeism policy, but still continue to be excessively absent. You were also absent on 6/20-6/21/19, which is considered to be excessive in a 12-month rolling calendar year.

By being excessively absent, it affects your co-workers and the operations.

**PERFORMANCE EXPECTATIONS**   *State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.*

Company Confidential

**Performance Counseling for:** _Rudy Acio_

Rudy Acio is receiving a written warning for excessive absenteeism. Excessive Absenteeism affects the operations, therefore the expectation is to take the necessary steps to maintain your health and follow your schedule. It is important that you make immediate improvements to your attendance and reporting to work as scheduled. Moving forward, in the event you need to call off for your serious health condition, you must get the supporting doctor's note for the issue.
We are also mandating that you attend EAP to help assist and follow their recommended course of action. They can be contacted at phone #808-597-8222. Further violations of the Absenteeism Policy may result in progressive discipliancy action up to and including suspensions and/ or termination.

I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.

| | | |
|---|---|---|
| Associate Signature: _REFUSD TO SIGN_ | Date: 7/11/2019 |
| Leader Signature: | Date: |
| Witness Signature: (if applicable) | Date: 7-11-19 |
| Human Resources Signature: | Date: 7/11/19 |

Company Confidential



# RECORD OF PERFORMANCE

A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below.

| | |
|---|---|
| Associate: **Rudy Acio** | Date: **07/24/19** |

| | | |
|---|---|---|
| Location: **Moana Surfrider** | Department: **Stewarding** | Leader: **Jason Watanabe** |

| Previous Counseling Action(s) in Last 18 Months: | ☐ No   ☒ Yes- If Yes, detail below. |
|---|---|

| Current Counseling Action: | ☐ Coaching  ☐ Verbal  ☐ Written  ☐ Final  ☒ Other: <u>5-day suspension</u> |
|---|---|

## NATURE OF INCIDENT   *Check all that apply.*

☐ Violation of dress/grooming code
☐ Interfering with work of others
☐ Violation of Company safety rules or guidelines

☐ Failing performance standards
☐ Leaving work without approval
☐ Failure to maintain confidentiality of Company matters

☐ Improper personal conduct
☐ Poor attendance record
☐ Willful refusal to follow Leader's directions

☐ Violation of Company/Department policy (specify): Standards of Conduct (Handbook) #3, 4, 59

## INCIDENT SPECIFICS

*Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident of previous relevant performance counseling actions taken.*

Standards of Conduct Violations:
3. Violating any of the Company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgment of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous Warnings:
4/15/19- Notice of Excessive Absenteeism
05/24/19- Coaching
6/25/19- Verbal Warning
7/11/19- Written Warning

This is to advise you that your latest absence on 7/14-7/17/19 is considered to be in violation of company excessive absenteeism policy. During the investigation you acknowledged that you understand the absenteeism policy, but still continue to be excessively absent. You were also absent on 7/4-7/8/19, which is considered to be excessive in a 12-month rolling calendar year.

By being excessively absent, it affects your co-workers and the operations.

## PERFORMANCE EXPECTATIONS

*State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.*

Company Confidential

**Performance Counseling for:** _Rudy Acio_

Rudy Acio is receiving a 5-day suspension for excessive absenteeism. Excessive Absenteeism affects the operations, therefore the expectation is to take the necessary steps to maintain your health and follow your schedule. It is important that you make immediate improvements to your attendance and reporting to work as scheduled. Moving forward, in the event you need to call off for your serious health condition, you must get the supporting doctor's note for the issue.
You are attending EAP, we ask that you continue to attend EAP and follow their course of action. Further violations of the Absenteeism Policy may result in progressive disciplianry action up to and including suspensions and/ or termination.

*I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.*

| | |
|---|---|
| Associate Signature: | Date: 7/24/19/a |
| Leader Signature: | Date: 7/24/19 |
| Witness Signature (if applicable): | Date: |
| Human Resources Signature: | Date: 7/24/19 |

Company Confidential



**Work Status Certification**

*Personal & Confidential ~ Injury & Illness*

Write legibly in ink & use single cross-outs with initials for errors



## Associate's Certification ~ to be completed by associate

Date of Injury/Illness: 8 / 10 /

Associate Name: Rudy          Aclo          Associate# 63900          Hotel: Moana Surfrider          Dept: Stewarding

I was absent and unable to work due to a medical condition: ☐ (injury)  ☑ (illness)

I ☐ (was) or ☑ (was not) hospitalized and hereby certify that this absence and information listed is valid.

Associate's Signature          Date 8 / 19 / 201

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Company, Ltd, Sheraton Waikiki, The Royal Hawaiian, Sheraton Princess Kaiulani, the Moana Surfrider, Central Resources Team, Sheraton Maui and Marriott International has a Return-To-Work policy and program which allows associates who are injured on the job to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.
It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in the associate normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictions and limitations.

## Healthcare Provider's Certification of Disability ~ to be completed by authorized provider

I certify that Rudy          Aclo          has been under my professional care

Dates of disability: from 8 / 10 / 19 thru Date: 8 / 21 / 19 OR next appointment _____

Case Type: ☑ Personal Medical   ☐ Workers Compensation   ☐ Workers Comp Deferred

**Associate's Work Status:**   ☐ Off Work

☑ Return to Regular Duty effective: 8 , 22, 19

☐ Modified assigned duties effective: ___ / ___ / ___

| Work Restrictions | Mark (✓) as appropriate | | |
|---|---|---|---|
| Physical Tasks — Circle & list all applicable responses | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/ Left / Both Hand/ Arm/ Leg/ Finger /Other: | | | |
| Grip/Squeeze Right/ Left/ Both — Hand / Finger | | | |
| Reach Overhead Right/Left - Hand/Arm | | | |
| Able to lift/carry/push/pull up to _____ lbs. Left / Right / Both   (Note: 300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors/Water or wet conditions | | | |

☐ Other Restrictions/Comments: _____

Signature: _____   Date: 8 / 19 / 19   Phone: 841-7289

Name:(Print) Vicente S. Ramo Jr, MD

634 Kalihi Street, Suite 201   Fax: 841-8841   Address: _____

Honolulu, HI 96819

Revised 6.28.19

Associate

## Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR: RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 8/31/2021

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: **Moana Surfrider, Human Resource (Ruby) Ph# 924-4740/ Fax# 237-2500**

Employee's job title: **Utility Stewards**        Regular work schedule: **Varies/On-call**

Employee's essential job functions: Performs general/specialized cleaning. Operates dish washing machine, transfer food stuff

& required items to banquet areas. Maintains general cleanliness of the kitchen facilities & areas. May perform duties of utility buffet food runner.

Check if job description is attached: _____

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: Rudy Aclo

First                              Middle                              Last

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: Dr. Vicente Ramo   934 Kolilu St. Suite 201   M-H: 96819 Tel# 8417 728

Type of practice / Medical specialty: FAMILY PRACTICE

Telephone: ( 808 ) 8417288      Fax:( 808 ) 8418841

Form WH-380-E  Revised May 2015

Doctor

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _8-10-19_

   Probable duration of condition: _8-10-19 — 8-10-20_

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   _✓_ No ___ Yes. If so, dates of admission: _____

   _____

   Date(s) you treated the patient for condition:
   _8/13/19_

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No _✓_ Yes.

   Was medication, other than over-the-counter medication, prescribed? ___ No _✓_ Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   ___ No _X_ Yes. If so, state the nature of such treatments and expected duration of treatment:
   _PATIENT WILL BE GOING TO PROCARE PHYSICAL THERAPY, LLC FOR_
   _Physical and Massage therapy once a week for 4 weeks._

2. Is the medical condition pregnancy? _✓_ No ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to
   provide a list of the employee's essential functions or a job description, answer these questions based upon
   the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ____ No _✓_ Yes.

   If so, identify the job functions the employee is unable to perform:
   _regular job_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave
   (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use
   of specialized equipment):
   _Chronic back pain_

Doctor

PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ___Yes.

    If so, estimate the beginning and ending dates for the period of incapacity: *08-10-19 to 09-11-19*

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? _X_ No ___Yes.

    If so, are the treatments or the reduced number of hours of work medically necessary?
    _X_No ___Yes.

    Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

    _____

    Estimate the part-time or reduced work schedule the employee needs, if any:

    _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ____No _/_Yes.

    Is it medically necessary for the employee to be absent from work during the flare-ups?
    ____ No ____Yes. If so, explain:

    _____ *As needed* _____

    _____

    Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency      : _____ times per _____ week(s) _____ month(s)

    Duration: _____ hours or ___ day(s) per episode

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____

_____

_____

_____

_____

_____

Doctor

_____

Signature of Health Care Provider          Date

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

*Please Complete*
*every-thing in highlig*
*- Associate*
*- Doctor.*

## PACIFIC GUARDIAN LIFE INSURANCE COMPANY, LIMIT
Pacific Guardian Tower •1440 Kapiolani Boulevard, Suite 17
Honolulu, Hawaii 96814-3698 • (808) 955-2236 • Fax Number: (808

### Claim for Disability Benefits

**PART C - PHYSICIAN'S STATEMENT**

IMPORTANT: Please complete and mail within 7 working days after examination to the insurance carrier listed above unless otherwise directed in Part A (25) or Part B (13).

| 1. Claimant's name | | 2. Sex | 3. Age |
|---|---|---|---|
| Rudy | Acio | ☑ Male  ☐ Female | |

**4. Physical requirements of claimant's occupation as related by claimant:**

**5. Diagnosis:** *Chronic Back Pain*

**6. If pregnancy, advise expected date of birth** *N/A*
If disability is pregnancy with complications, advise complications above.

**7. Was claimant's disability caused by claimant's employment?** ☐ Yes ☑ No
If yes, was Physician's Report WC-2 filed? ☐ Yes ☐ No    If yes, filed with _____

**8. Was claimant hospitalized?** ☐ Yes ☑ No   If yes, from _____ to _____
Surgery indicated? ☐ Yes ☐ No   Type _____

**9. Complete the following:**
Date of your first treatment of this disability *8-13-19*
First date claimant unable to perform the duties of employment (see #4 above) _____
Date of your most recent treatment of this disability *8-10-19*
Date claimant will be able to perform usual work (estimate) *8-22-19*
(DO NOT use "undetermined" or "unknown") (See #4 above)

**10. Are you referring claimant to another physician?** ☐ Yes ☑ No   If yes, give name:

**11. Was claimant referred to you?** ☐ Yes ☑ No   If yes, give name:

I hereby certify that the above information is true and complete to the best of my knowledge.

| Doctor's name (Please print) | Phone Number |
|---|---|
| Vicente S. Ramo Jr. MD | *841-7288* |
| Office Address (Street, City, State and Zip Code) 1 Alahi Street, Suite 201 Honolulu, HI 96819 | Fax Number *841-8841* |
| Specialty *FAMILY PRACTICE* | Degree *MD* |
| Signature of Physician | Date *8-19-19* |

**starwood**
Hotels and
Resorts Waikiki

## Work Status Certification
*For Non Work-Related Absences or Leaves*

Attn: Ruby 237-2500


**Kyoya** Hotels & Resorts, LP

**Personal & Confidential**

**Associate's Certification ~ to be completed by associate**   Date of Illness: 09 / 19 / 2019

Associate Name: Rudy Acio   Associate# 5391U Hotel: Moana   Dept: Stewarding

I was absent and unable to work due to a non work-related medical condition: ☐ (injury)  ☑ (illness)

I ☐ (was) ☑ (was not) hospitalized.
I hereby certify that this absence was caused by an illness/injury due to a non work-related incident while employed at Kyo-ya Hotels & Resorts.

_____   09 / 20 / 2019
Associate's Signature   Date

Kyo-ya Hotels & Resorts, LP, dba Kyo-ya Company, Ltd, Sheraton Waikiki, The Royal Hawaiian, Sheraton Princess Kaiulani, the Moana Surfrider, a Westin Resort, Central Resources Team, Sheraton Maui and Starwood Hotels & Resorts has a Return-To-Work policy and program which, under certain circumstances, allows our associates who have non-work-related health conditions to continue working, at least for a temporary period, with full pay, following the restrictions and limitations outlined by you, their physician, until the associate is able to return to their regularly assigned duties.
It is our intent to work with you and the associate by, where possible, accommodating the restrictions and limitations in the associate's normal position or, if necessary, assigning transitional tasks on a temporary basis that meet those restrictions and limitations.

**Physician's Certification of Disability ~ to be completed by physician**

I certify that Rudy Acio _____ has been under my professional care.
Dates of disability: from 09 / 19 / 2019 through and including 09 / 20 / 2019
Medical Diagnosis: Back Pain _____ Next Doctor's Appointment: _____

**Work Status:** Claimant's Work Status: ☐ Off Work ☑ Return to Regular Duty effective: 09 / 21 / 2019

☐ Modified assigned duties effective: _____ / _____ / _____

**Work Restrictions:**

| Mark (X) as appropriate | None (0% of the time) | Occasionally (32% of the time) | Frequently (67% of the time) |
|---|---|---|---|
| Sedentary Work | | | |
| Standing/Walking/Sitting | | | |
| Climb Stairs/Ladders | | | |
| Kneel/Crawl/Crouch | | | |
| Bend/Stoop | | | |
| Use of Right/Left (circle one) Hand/Arm (circle one) | | | |
| Grip/Squeeze Right/Left Hand (circle one) | | | |
| Reach Overhead Right/Left Hand (circle one) | | | |
| Able to lift/carry/push/pull up to _____ lbs. (300 lb cart takes 20 lbs push/pull force) | | | |
| Avoid Solvents/Dust/Mist/Vapors | | | |

☐ Other Restrictions/Comments: _____

Signature: _Vicente S. Ramo Jr._   Date: 09 / 20 / 2019   Phone: 841-7288
Name:(Print): Vicente S. Ramo Jr. MD   Fax: 841-8841   Address: _____
634 Kalihi Street, Suite 201
Honolulu, HI 96819

Revised 11/8/13



# RECORD OF PERFORMANCE

A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below.

| Associate: Rudy Acio | | Date: 9/26/19 |
|---|---|---|
| Location: Moana Surfrider | Department: Stewarding | Leader: John Salcedo |

Previous Counseling Action(s) in Last 18 Months: ☐ No   ☒ Yes- If Yes, detail below.

Current Counseling Action: ☐ Coaching ☐ Verbal ☐ Written ☐ Final ☒ Other: 10 day Suspension

## NATURE OF INCIDENT   *Check all that apply.*

☐ Violation of dress/grooming code
☒ Failing performance standards
☐ Improper personal conduct

☐ Interfering with work of others
☐ Leaving work without approval
☒ Poor attendance record

☐ Violation of Company safety rules or guidelines
☐ Failure to maintain confidentiality of Company matters
☐ Willful refusal to follow Leader's directions

☒ Violation of Company/Department policy (specify): Standard of Conduct (Handbook) #3,4,59

## INCIDENT SPECIFICS
*Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident of previous relevant performance counseling actions taken.*

Standard of Conduct Violation:
3. Violating any of the company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgement of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous warnings:
4/15/19 - Notice of Excessive Absenteeism
5/24/19 - Coaching
6/25/19 - Verbal Warning
7/11/19 - Writen Warning
7/26/19 - 5 day Suspension

This is to advise you that your latest absence on 9/19/19 - 9/20/19 is considered to be in violation of company excessive absenteeism policy. During the investigation you acknowledged that you understand the absenteeism policy, but still continue to be excessively absent.

By being excessively absent, it affects your co-workers and the operations.

## PERFORMANCE EXPECTATIONS
*State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.*

Company Confidential

**Performance Counseling for:** _Rudy Acio_

Rudy Acio is receiving a 10 day suspension for excessive absenteeism. Excessive Absenteeism affects the operations therefore the expectation is to take the necessary steps to maintain your health and follow your schedule. It is important that you make immediate improvements to your attendance and reporting to work as scheduled.

We are also mandating that you attend EAP to help assist and follow their recommended course of action. They must be contacted at Phone # 808-597-8222 no later than 7 days from the issuance of this documentation. Further violations of the Absenteeism Policy may result in progressive diciplinary action up to and including suspension and/or termination.

*I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.*

| | |
|---|---|
| Associate Signature: _Refused to sign_ | Date: |
| Leader Signature: | Date: 9/26/19 |
| Witness Signature (If applicable): | Date: 9/26/19 |
| Human Resources Signature: _Kathryn_ | Date: 9/26/19 |

SERIOUS FMLA



# RECORD OF PERFORMANCE

| A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below. |
|---|

| Associate: Rudy Acio | | Date: 1/16/2020 |
|---|---|---|

| Location: Moana Surfrider | Department: Stewarding | Leader: John Salcedo |
|---|---|---|

| Previous Counseling Action(s) In Last 18 Months: ☐ No  ☒ Yes- If Yes, detail below. |
|---|

| Current Counseling Action: | ☐ Coaching ☐ Verbal ☐ Written ☐ Final ☒ Other: <u>Suspension pend.terminati</u> |
|---|---|

## NATURE OF INCIDENT   *Check all that apply.*

| ☐ Violation of dress/grooming code | ☒ Failing performance standards | ☐ Improper personal conduct |
|---|---|---|
| ☐ Interfering with work of others | ☐ Leaving work without approval | ☒ Poor attendance record |
| ☐ Violation of Company safety rules or guidelines | ☐ Failure to maintain confidentiality of Company matters | ☐ Willful refusal to follow Leader's directions |

☒ Violation of Company/Department policy (specify): **Standard of Conduct (Handbook) #3,4,59**

| INCIDENT SPECIFICS | *Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident of previous relevant performance counseling actions taken.* |
|---|---|

Standards of Conduct Violation:
3. Violating any of the company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excecessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgement of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous warnings:
4/15/19 - Notice of Excessive Absenteeism
5/24/19 - Coaching
6/25/19 - Verbal Warning
7/11/19 - Writen Warning
7/24/19 - 5 Day Suspension
9/26/19 - 10 Day Suspension

This is to advise you that your latest absence on 1/10/2020 is considered to be in violation of company excessive absenteeism policy. During the investigation, you stated that you texted and called your manager the day prior requesting to take off due to a family problem and that you did not feel good. As requested by your manager, you provided a doctor's note upon return on 1/11/2020 with a medical diagnosis of body aches signed by a physician. You later stated that the real reason for the absence was due to family problems.  As you were unable to work your scheduled shift, this is considered an absence.

| PERFORMANCE EXPECTATIONS | *State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.* |
|---|---|

**Performance Counseling for:** _Rudy Acio_

Rudy Acio is receiving a suspension pending investigation for possible termination for excessive absenteeism. Excessive Absenteeism affects the operations therefore the expectation is to take the necessary steps to maintain your health and follow your schedule.  You are scheduled to meet with Kathy Ablan, Director of Human Resources on Tuesday, January 21, 2020 at 10am in the Human Resources to discuss you employment status.

I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement, if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.

| | | Date: |
|---|---|---|
| Associate Signature: | _Refused to sign_ | 1/16/20 |
| Leader Signature: | | Date: 1/16-20 |
| Witness Signature (If applicable): | | Date: 1/16/20 |
| Human Resources Signature: | _Kathy_ | Date: 1/16/20 |

4/16/20



# RECORD OF PERFORMANCE

| A Conduct and Ability Report is intended to help associates understand the impact of the noted conduct and/or performance deficiencies so that corrective action can be immediately taken. Please provide details below. |
|---|

| Associate: **Rudy Acio** | | | Date: 1/21/2020 |
|---|---|---|---|
| Location: **Moana Surfrider** | | Department: **Stewarding** | Leader: **John Salcedo** |

| Previous Counseling Action(s) in Last 18 Months: | ☐ No   ☒ Yes- If Yes, detail below. |
|---|---|

| Current Counseling Action: | ☐ Coaching ☐ Verbal ☐ Written ☐ Final ☒ Other: **Termination** |
|---|---|

### NATURE OF INCIDENT   *Check all that apply.*

| ☐ Violation of dress/grooming code | ☒ Failing performance standards | ☐ Improper personal conduct |
|---|---|---|
| ☐ Interfering with work of others | ☐ Leaving work without approval | ☒ Poor attendance record |
| ☐ Violation of Company safety rules or guidelines | ☐ Failure to maintain confidentiality of Company matters | ☐ Willful refusal to follow Leader's directions |

☒ Violation of Company/Department policy (specify): **Standard of Conduct (Handbook) #3,4,59**

### INCIDENT SPECIFICS

*Identify the issue, behavior or adverse action that requires immediate improvement. Include dates, details and witnesses statements as appropriate. List dates and nature of incident of previous relevant performance counseling actions taken.*

Standards of Conduct Violation:
3. Violating any of the company's policies, whether or not contained in this handbook;
4. Establishing a pattern of excessive absenteeism or tardiness;
59. If an associate's performance, work habits, overall attitude, conduct or demeanor becomes unsatisfactory in the judgement of the Company, based on violations of either the above or any other of the Company's policies, rules or regulations, the associate will be subject to disciplinary action up to and including termination of employment.
Master Hotel Agreement Section 17.1

Previous warnings:
4/15/19 - Notice of Excessive Absenteeism
5/24/19 - Coaching
6/25/19 - Verbal Warning
7/11/19 - Writen Warning
7/24/19 - 5 Day Suspension
9/26/19 - 10 Day Suspension
1/16/20 - Suspension pending Investigation

This is to advise you that your latest absence on 1/10/2020 is considered to be in violation of company excessive absenteeism policy. As you were unable to work your scheduled shift, this is considered an absence.

### PERFORMANCE EXPECTATIONS

*State expected performance/behavior standard and necessary corrective actions. Outline any additional training that may be provided to help associate meet objectives. May also note length of time allowed for improvement and the tools used to measure effectiveness going forward.*

**Performance Counseling for:** _Rudy Acio_

Rudy Acio is being terminated for Excessive Absenteeism.

I acknowledge receipt of this report and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement and that refusal to sign will not invalidate the action. I understand that this form will be placed in my personnel file in accordance to the Collective Bargaining Agreement if applicable. I further understand that my signature does not waive any appeal rights that may be applicable by my employment.

| | Date: |
|---|---|
| Associate Signature: Refused to sign | |
| Leader Signature: | Date: |
| Witness Signature (If applicable): Jenny Johnson present | Date: 1/21/20 |
| Human Resources Signature: | Date: 1/21/20 |