**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

SARAH O. WANG          6649-0
RONALD TANG            11034-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii  96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
swang@marrjones.com

Attorneys for Defendant
KYO-YA OHANA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUDY ACIO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KYO-YA OHANA, LLC,<br><br>　　　　　Defendant. | CIVIL NO. 21-00053 JMS-KJM<br><br>DEFENDANT KYO-YA OHANA, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE, REQUEST FOR ORDER TO SET ASIDE THE SUMMARY JUDGMENT OR UNDO (FILED APRIL 14, 2023) [ECF NO. 48]; CERTIFICATE OF SERVICE<br><br>Judge:  Honorable J. Michael Seabright |

1485556

**DEFENDANT KYO-YA OHANA, LLC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE,
REQUEST FOR ORDER TO SET ASIDE THE SUMMARY JUDGMENT
OR UNDO (FILED APRIL 14, 2023) [ECF NO. 48]**

Defendant Kyo-ya Ohana, LLC ("Defendant"), by and through its undersigned counsel, hereby submits this Memorandum in Opposition ("Opposition") to Plaintiff Rudy Acio's ("Plaintiff") Motion to Reopen Case, Request for Order to Set Aside the Summary Judgment or Undo (filed April 14, 2023) [ECF No. 48] ("Motion"), to respectfully oppose Plaintiff's Motion.

## I.    INTRODUCTION

In his Motion, Plaintiff asserts that his alleged mental illness is "new evidence" that justifies the Court's reconsideration of its judgment in favor of Defendant.

Plaintiff's Motion fails for any of four independent reasons. First, Plaintiff's Motion does not present any admissible evidence for the Court to consider. Second, by his own account, Plaintiff's evidence is not new. Third, Plaintiff's Motion was not brought in a "reasonable amount of time." Fourth, the alleged new evidence, even if considered in a light most favorable to Plaintiff, would not have affected the Court's decision to grant summary judgment in Defendant's favor.

For any of the aforementioned reasons—described in greater detail below—Plaintiff's Motion should be denied.

## II.     RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint [ECF No. 1] on January 21, 2021 asserting employment discrimination claims under the Americans with Disabilities Act of 1990 ("ADA").

On January 26, 2022, Defendant filed a Motion for Summary Judgment [ECF No. 35] ("MSJ"), seeking summary judgment on all of Plaintiff's claims.  Plaintiff filed his Opposition to the MSJ [ECF No. 39] ("Opp'n to Def.'s MSJ") on February 22, 2022.

On April 18, 2022, this Court issued an order granting the MSJ in its entirety [ECF No. 42] ("Order"), stating that "even construing the record in the light most favorable to him, Acio's [Americans with Disabilities Act ("ADA")] claims fail." Order at 27. On the same day, this Court entered judgment in favor of Defendant [ECF No. 43].

Nearly a year later, on April 14, 2023, Plaintiff filed the instant Motion, citing "new evidence," namely, an additional medical condition, his "mental illness (SUD-Substance Use Disorder)." Mot. at 1.

This Court directed Defendant to file a response to Plaintiff's Motion in its April 17, 2023 Entering Order [ECF No. 49].  This Opposition is Defendant's response.

### III.    LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") states, in relevant part, that the Court "may relieve a party … from a final judgment, order, or proceeding for the following reasons: …  newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b)."[1]  The Rule 60(b) motion "*must* be made *within a reasonable time*…no more than a year after the entry of the judgment….*"* FRCP 60(c) (emphasis added).

This Court has held that reconsideration under FRCP 60 "is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." *Cooper v. Dep't of Tax'n*, Civ. No. 18-00284 JAO-RT, 2019 WL 6499058, at *1 (D. Haw. Dec. 3, 2019).  Here, Plaintiff does not contend that either the first or third ground for reconsideration is applicable; he solely focuses on the second ground, asserting that "new evidence" warrants relief under Rule 60.  *See* Mot. at 1.

In order for Plaintiff's Motion to be successful, it must first, "demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to

---

[1] Rule 59(b) requires that a motion for new trial be filed "no later than 28 days after the entry of judgment."  *See* FRCP 59(b).

induce the court to reverse its prior decision." *Cooper*, 2019 WL 6499058, at *1 (citing *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000)). "Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration." *Id.* (citing *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)).

The movant bears burden of demonstrating that "'extraordinary circumstances' exist to justify reopening this case under any of the grounds for relief provided by Rule 60." *Hernandez v. Brewer*, Civ. No. 11-01945-PHX-JAT, 2017 WL 6554673, at *4 (D. Ariz. Dec. 22, 2017) (citing *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017)).

IV. **ARGUMENT**

    A. **Plaintiff Has Not Presented Admissible Evidence**

In his Motion, Plaintiff has not presented any admissible evidence to support his asserted "new" evidence of "mental illness." Instead, he baldly asserts that such "new" evidence exists and improperly provides the Court with the alleged contact information for his alleged rehabilitation counselor for the Court to presumably conduct its own research on the issue. Mot. at 1–2. Absent any admissible evidence – "new" or otherwise – the Motion should be denied.

    B. **Plaintiff's Alleged Evidence Is Not "New"**

Even assuming the form of Plaintiff's "evidence" were somehow acceptable, by Plaintiff's own account, his alleged "mental illness" is not new at

5

all.  Plaintiff admits that he "did not mention" his mental illness previously because he "did not want to lose [his] job" and therefore "was too scared to mention it to [the Court]."  In other words, Plaintiff "new evidence" is actually already-known evidence that Plaintiff intentionally withheld. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892, n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.") (citations omitted).

Plaintiff's Motion does not make clear exactly *when* he became aware of this alleged condition but he refers to having used and being addicted to amphetamines in *2018*.  Plaintiff allegedly informed his doctor about his "SUD problem" at some point thereafter. The instant Complaint was filed on January 21, 2021 (*three years* after his alleged amphetamine addiction), and Plaintiff's Opposition to Defendant's MSJ was filed over a year later, on February 22, 2022 (*four years* after the alleged addiction that underlies his purported mental illness).

Plaintiff's Motion indicates that he knew of his alleged "mental illness" at the time he filed his Opposition to Defendant's MSJ, so he *could have* brought the information to the Court's attention, to the extent he believed it relevant to the arguments in Defendant's MSJ, yet he chose not to. Reconsideration clearly is not warranted based on Plaintiff's deliberate choice not to raise the known evidence at the time. *See, e.g., Forbes v. United States*, 996 F.2d

1224 (9th Cir. 1993) (affirming lower court's denial of reconsideration because the proffered "new evidence," petitioner's tax return, had been available before the court's dispositive ruling); *Wallis,* 26 F.3d at 892 n.6 (denying reconsideration based on new evidence that was available at summary judgment but not presented).

  **C.** **Plaintiff Has Not Shown that His Presentation of the "New Evidence" Is Within a Reasonable Amount of Time**

  Furthermore, even assuming Plaintiff's "evidence" of his alleged mental illness is "new," Plaintiff has not met his burden to show that his Motion—filed nearly a full year after the judgement was entered—was presented within a "reasonable amount of time."

  Plaintiff's alleges that he withheld the "new" evidence from the Court because he "did not want to lose [his] job." To the extent that Plaintiff alleges his fear for losing his job caused a reasonable delay to his submission of the "new" evidence, such an argument must be rejected.

  Plaintiff filed his Complaint on January 21, 2021. Plaintiff filed his Opposition to Defendant's MSJ over one year later, on February 22, 2022. Plaintiff was no longer employed by Defendant at the time he filed his Complaint, *see* Compl. at 10–11, and according to his Motion, he did not find a new job until July 2022, *five months after* filing the Opposition. Mot. at 2. Even assuming, *arguendo*, that Plaintiff's fear for losing his job was a legitimate excuse for delaying the presentation of new evidence for a Rule 60 motion, Plaintiff fails to

7

explain why he couldn't have included this information in his Complaint in the first place or later in his Opposition to Defendant's MSJ.  Moreover, he still had five months of unemployment *after* he filed his Opposition to Defendant's MSJ to inform the Court of this "new evidence" and, nonetheless, he failed to do so.

Plaintiff's unexplained delay in presenting the purportedly "new" evidence warrants denial of the Motion.

### D. Plaintiff's "New Evidence" Could Not Have Changed the Court's Ruling

Finally, even if Plaintiff's "new evidence" is deemed to be "new," admissible evidence that was timely presented, Plaintiff's Motion still fails because the alleged new evidence would have had absolutely no impact on the Court's Order granting Defendant's MSJ.  In the Order, the Court had found that Plaintiff failed, "at a minimum, at the second and third steps of the [ADA] analysis," and not for the absence of a "disability" (the first step). Order at 25–27.  Specifically, the Court found that Plaintiff was not a "qualified individual" under the ADA because he was not able to satisfy Defendant's attendance requirements. *Id.* at 26. Likewise, the Court found that Plaintiff's termination would have occurred "*regardless* of a disability." *Id.* at 27 (emphasis added).  Thus, even if Plaintiff had not withheld this "new evidence" in his Opposition to Defendant's MSJ, the outcome would have been the same: Plaintiff was still not a "qualified individual"

8

for failure to satisfy attendance requirements, and he still would have been terminated regardless of whether he had one disability or two.

Finally, even if Plaintiff had presented this purportedly new medical condition in his Complaint, it would not have been administratively exhausted since he is raising it in this action for the first time, rather than during his preceding administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). *See* Compl. at 9 (identifying "Chronic back Pain" as the "disability" underlying his discrimination claim), 13–14; *Power v. Aircraft Serv. Int'l, Inc.,* No. 23-CV-60440-RAR, 2023 WL 2954462, at *2 (S.D. Fla. Apr. 15, 2023) ("a plaintiff fails to exhaust administrative remedies where a complaint contains a different disability than the disability referenced in the plaintiff's EEOC charge"); *Wicik v. Cnty. of Cook*, Civ. No. 17 C 6856, 2018 WL 1453555, at *4 (N.D. Ill. Mar. 23, 2018) (holding a plaintiff failed to exhaust administrative remedies where the complaint referenced "instances of discriminatory treatment involving different actors, different conduct, and even *different disabilities*") (emphasis added); *Hendrix v. Pactiv* LLC, 488 F. Supp. 3d 43, 52 (W.D.N.Y. 2020) (dismissing claim in lawsuit based on plaintiff's allegation that he was "legally blind" because that allegation was "entirely new to th[e] lawsuit"; it had "not [been] raised in his [administrative] complaint, nor was it reasonably related to the allegations set forth in that charge").

9

## V. <u>CONCLUSION</u>

For any of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Reopen Case, Request for Order to Set Aside the Summary Judgment or Undo (filed April 14, 2023).

DATED:   Honolulu, Hawaii, May 15, 2023.

*/s/ Sarah O. Wang*
SARAH O. WANG
RONALD TANG

Attorneys for Defendant
KYO-YA OHANA, LLC